UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE NURSES ASSOCIATION, on behalf of certain employees it represents,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRED HEART MEDICAL CENTER,<br><br>    Defendant. | NO. CV-08-0054-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND DENYING MOTION FOR AWARD OF COSTS AND EXPENSES** |

    Before the Court, without oral argument, is Plaintiff Washington State Nurses Association's (the Association) Motion to Remand to State Court and for an Award of Costs and Expenses. (Ct. Rec. 5.) The Association argues federal subject matter jurisdiction is lacking because (1) its claims are based on state law and (2) it lacks standing to represent the nurses in a federal court action for monetary damages based on state law and, therefore, remand is necessary. Defendant Sacred Heart Medical Center (Sacred Heart) opposes the Association's motion, maintaining the Association's claims involve the parties' collective bargaining agreement (CBA) and, therefore, are preempted by the Labor Management Relations Act. After reviewing the submitted materials and

ORDER OF REMAND ~ 1

relevant authority, the Court is fully informed and finds Sacred Heart failed to establish that federal jurisdiction exists. Therefore, the Association's motion to remand is granted for the reasons given below; however, the Court denies the Association's request for fees and expenses.

**A.   Standard**

This Court has jurisdiction, and removal is proper, for actions "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The removing-defendant has the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction. *Id.*

**B.   Remand Authority and Analysis**

The Court's inquiry into whether the Association's claims are preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), begins with asking whether "the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). The Association is claiming that Sacred Heart violated the Washington Minimum Wage Act (MWA), RCW 49.46.130, by failing to pay nurses one and one-half time their regular rate of pay for missed required rest breaks. The Court concludes the Association's claims are based on a right conferred by the MWA, not the CBA.

Accordingly, the Court turns to the second analytical step, which is whether the Association's MWA-based claims are "substantially

ORDER OF REMAND ~ 2

dependant" on an analysis of the CBA. *See Burnside*, 491 F.3d at 1059-60. The Court concludes the CBA need not be interpreted in order to determine whether Sacred Heart complied with the MWA. In the event that the Association is successful and damages need to be calculated, *reference* to the CBA will be required, but there is no indication that determining a particular nurse's wage rate will require *interpretation* of the CBA. *See Burnside*, 491 F.3d at 1074. Accordingly, even though the state court may need to refer to the CBA in order to determine damages, the Court concludes using the CBA in this manner does not result in LMRA preemption. *See id.*

Because the Court finds Sacred Heart failed to establish that federal subject matter jurisdiction exists, the Court need not address whether the Association has standing to bring its claims in federal court.

**C.   Attorneys Fees and Costs**

The Court declines to exercise its discretion to award attorney's fees and costs under 28 U.S.C. § 1447(c).

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand to State Court and for an Award of Costs and Expenses **(Ct. Rec. 5)** is **GRANTED** (remand) **and DENIED** (attorneys fees and costs) **IN PART.**

2.   This matter is **REMANDED** to Spokane County Superior Court (Case No. 07205766-2) for further proceedings.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel and a certified copy to the

ORDER OF REMAND ~ 3

1 | Clerk of the Superior Court of the State of Washington for Spokane
2 | County, Case No. 07205766-2.

**DATED** this ___5th___ day of May 2008.

S/ Edward F. Shea<br>
EDWARD F. SHEA<br>
United States District Judge

Q:\Civil\2008\0054.remand.wpd

ORDER OF REMAND ~ 4